**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | |
|---|---|
| | ) |
| **Steve Fanady** | ) |
| | ) |
| **Petitioner** | ) |
| | ) |
| and | ) |
| | ) |
| **Thomas Dart, as Sheriff of Cook County** | ) |
| **Illinois, and Jane Gubsar as Executive** | ) |
| **Director of the Cook County Jail** | ) |
| | ) |
| **Respondents** | ) |
| | ) |

**ADDITIONAL SUPPORTING FACTS**
**OF PETITION FOR A WRIT OF HABEAS CORPUS**
**OF PERSON IN STATE CUSTODY**

**Introductory Note:** Petitioner is submitting this additional sheet in compliance with Habeas Rule 2(c), which requires a brief summary of the facts in support of each separate ground for relief. The standard form does not provide sufficient space, and Petitioner believes it will be easier for the Court to read the summary of supporting facts for each ground if they are set forth in contiguous paragraphs in this additional sheet. This petition is filed following the exhaustion of state court remedies. Petitioner's prior habeas petition, filed September 13, 2023, was dismissed without prejudice on May 5, 2025 on Younger abstention grounds, the Court finding that state court proceedings were the appropriate forum. State remedies have since been fully exhausted. As of the date of this petition, Petitioner Steve Fanady has been held in the

Cook County Jail for more than three and a hlf years — since June 28, 2022 — making him the longest-serving civil detainee in Illinois history. He is 61 years old, handicapped, and has no criminal record. All contempt and body attachment orders under which Petitioner is held have expired by operation of law pursuant to 735 ILCS 5/12-107.5(a), (c). No valid judicial order authorizing his detention currently exists.

Petitioner will also be filing a Memorandum in Support of this Petition in which he will discuss the 28 U.S.C. §2241 vs. 28 U.S.C. §2254 issue, the standard of review under 28 U.S.C. §2254(d), exhaustion of state court remedies, and the relevant law applicable to each ground for relief.

**Note on Exhaustion of State Court Remedies:** The original petition filed September 13, 2023 was dismissed without prejudice on May 5, 2025 on Younger abstention grounds, the Court finding that state court proceedings were the appropriate forum and that state courts afforded an adequate opportunity for Petitioner to present constitutional claims. State court remedies have since been fully exhausted. On June 24, 2025, the Illinois Appellate Court, First District, issued its decision in Fanady v. Harnack, 2025 IL App (1st) 240835 (Rule 23 order), expressly rejecting each of Petitioner's four federal due process challenges to the legality and duration of his confinement. The Illinois Supreme Court subsequently denied Petitioner's Petition for Leave to Appeal, thereby exhausting all available state court remedies on the constitutional issues presented in this habeas petition. Because the Illinois courts adjudicated Petitioner's federal due process claims on the merits, this amended petition is governed by 28 U.S.C. §2254(d).

**III (A) Ground One:** On February 9, 2021, after an evidentiary hearing, Petitioner was

CBOE stock or alternatively pay $10,000,000 pursuant to an August 3, 2011 judgment. On February 9, 2021 the court entered an Order of Adjudication of Indirect Civil Contempt and/or Order of Commitment ("Commitment Order") committing Petitioner to the custody of the Sheriff and providing that he could purge himself by transferring the 120,000 shares of CBOE stock or paying $10,000,000 to Harnack. On February 10, 2021 the court entered a Body Attachment Order ("Body Attachment") directing the Sheriff of Cook County to seize Petitioner. Pursuant to 735 ILCS 5/12-107.5(a)(c), any civil contempt order for the incarceration of a person or body attachment order expires after one (1) year. Therefore, the Commitment Order expired on February 9, 2022, and the Body Attachment Order expired on February 10, 2022.

On March 15, 2022, more than one month after both original orders had expired, Harnack filed a Motion to Extend Body Attachment. Petitioner opposed this motion, arguing that a new evidentiary hearing on indirect civil contempt was constitutionally required before any replacement orders could be entered. The trial court overruled Petitioner's objection and granted the motion without an evidentiary hearing. On June 21, 2022, a new "second" Body Attachment Order was entered. However, no new Adjudication and Commitment Order was entered to replace the one that expired on February 9, 2022. Therefore, every order for Petitioner's seizure or incarceration has expired. The Commitment Order expired on February 9, 2022, and the new "second" Body Attachment Order expired on June 21, 2023. No unexpired orders exist authorizing Petitioner's seizure or incarceration by the Sheriff.

The United States Supreme Court's decision in McNeil v. Director, Patuxent Institution, 407 U.S. 245 (1972), controls. In McNeil, the Court held that once "the State's power to hold him on the basis of that order has expired," continued confinement violates due process, stating: "a confinement that is in fact indeterminate cannot rest on procedures designed to authorize a brief period of observation." Id. at 248–49. Illinois' one-year expiration provision under 735 ILCS 5/12-107.5(c) serves the same limiting function: if continued incarceration is deemed appropriate, the trial court must conduct a new hearing, make new findings, and issue new orders. No such proceedings occurred here. More than three and a half years have elapsed since the last valid order authorizing Petitioner's detention expired. The state courts' rejection of this ground in Fanady v. Harnack, 2025 IL App (1st) 240835, is an unreasonable application of clearly established federal law, including McNeil and its progeny.

Petitioner appealed the initial contempt findings. The Appellate Court, First District, affirmed in Harnack v. Fanady, 2022 IL App (1st) 210143. The Illinois Supreme Court denied Petitioner's Petition for Leave to Appeal on November 26, 2025.

**III. (B) Ground Two:** Petitioner's detention was constitutionally defective not merely after the second Body Attachment Order expired on June 21, 2023, but from the very first moment of his incarceration on June 28, 2022. The Sheriff of Cook County has kept Petitioner in the Cook County Jail since June 28, 2022 pursuant to a purportedly valid "Order of Adjudication of Indirect Civil Contempt and/or Order of Commitment" entered in the divorce case of Harnack v. Fanady 08 D 2844. However, when the Sheriff seized Petitioner on June 28, 2022, the only such Commitment Order ever entered had already expired on February 9, 2022 — more than four months before Petitioner was seized — pursuant to 735 ILCS 5/12-107.5(a), (c). No new Commitment

Order was ever entered to replace it. Because no “second” or “new” Adjudication and Commitment Order had been entered to replace the expired order, there was no order adjudicating the Petitioner as being in indirect civil contempt, no order telling Petitioner how to purge himself of contempt, and no order committing the Petitioner to the Cook County Jail, in existence when the Sheriff took Petitioner into custody on June 28, 2022.

The only order which existed, and which had not yet expired, when Petitioner was seized by the Sheriff on June 28, 2022, was the June 21, 2022 “second” Body Attachment Order. That second Body Attachment Order does not contain any language adjudicating the Petitioner in indirect civil contempt, nor does it contain any language which remands or commits Petitioner to the Cook County Jail. Its operative language directed that upon seizure the Sheriff “may release the Respondent” upon deposit of $10,000,000, and that upon release “the Sheriff shall advise the Respondent that a hearing is continued 21 days from the date of release.” This is the language of an arrest warrant — seizure followed by a hearing — not indefinite incarceration. In the civil contempt context, a body attachment order is the functional equivalent of an arrest warrant, while a commitment order is the functional equivalent of a judgment of conviction. Just as no officer can imprison a criminal defendant indefinitely under an arrest warrant alone, the Sheriff cannot incarcerate a civil contemnor indefinitely under a body attachment alone, without a valid commitment order. Because no new Commitment Order was ever entered after February 9, 2022, the Sheriff has been holding Petitioner in the Cook County Jail without any authority to do so, in violation of Petitioner’s due process rights under the Fifth and Fourteenth Amendments. McNeil v. Director, Patuxent Institution, 407 U.S. 245, 252 (1972); Shillitani v. United States, 384 U.S. 364, 371 (1966).

**III (C) Ground Three:** As of the date of this amended petition, Petitioner has been in custody for more than forty-four (44) months — over three and a half years — since June 28, 2022. During that time Petitioner has had a total of only fourteen (14) status hearings before the circuit court, when Cook County Local Rule 13.8(a)(iv) required a minimum of approximately thirty (30) such hearings through May 7, 2024. Since May 7, 2024, the trial court has held no compliance-status hearings at all, despite Petitioner remaining continuously incarcerated. At none of these hearings has the state court received evidence, or made any inquiry, as to whether or not Petitioner could purge himself of the contempt, or whether or not the incarceration had lost its coercive effect and had become punitive.

The Supreme Court established the controlling principle in Jackson v. Indiana, 406 U.S. 715, 738 (1972): "[d]ue process requires that the nature and duration of commitment bear some reasonable relation to the purpose for which the individual is committed." Illinois courts have consistently held that civil contempt confinement is permissible only so long as it retains a genuinely coercive character. Sanders v. Shephard, 163 Ill. 2d 534, 540–541 (1994); Felzak v. Hruby, 226 Ill. 2d 382, 391–392 (2007) ("the passage of sufficient time is itself sufficient to require an order of incarceration for civil contempt to be vacated").

Petitioner filed a Motion to Purge or Vacate Contempt on July 28, 2022. The grounds for the motion were (a) that he did not have the ability to comply with the order in question, (b) his incarceration was not the least possible alternative that could be used to enforce the order in question, and (c) that his confinement does not bear a reasonable relationship to the purpose for which he was committed and is actually punitive rather than coercive. Continued incarceration can have no coercive effect in this case because: (a) the CBOE stock Petitioner was ordered to transfer was sold in

January/February 2011 — over a decade before the contempt order — for $2.4 million; (b) that $2.4 million was transferred to the SF Trust, a trust established by Petitioner in 1995; (c) all $2.4 million has been expended and no funds remain; and (d) Petitioner's 2020 income was only $26,308 from all sources. At that income level, satisfying the $10,000,000 alternate purge condition would take approximately 380 years.

An evidentiary hearing on the Motion to Purge or Vacate Contempt was held in January and April 2023. The trial court denied the motion on April 3, 2024. On June 28, 2024, the Appellate Court acknowledged that Petitioner had been in custody for two years, recognized that civil contempt may lose its coercive effect after passage of time citing Sanders v. Shephard, and remanded for the trial court to make explicit findings on this issue. On remand, Judge Forti did not convene any new evidentiary hearing. He took no additional testimony, received no additional exhibits, and conducted no fact-based review of Petitioner's present ability to purge. Instead, on July 31, 2024, the court issued a short written order declaring that Petitioner's confinement "remains coercive and is not punitive," resting solely on its prior assessment of the case.

The trial court had also refused to hold any Local Rule 13.8(a)(iv) hearings during the pendency of Petitioner's appeal, claiming it lacked jurisdiction. On April 11, 2025, the Appellate Court held that the trial court retains jurisdiction to conduct such hearings even during an interlocutory appeal, recognizing that "circumstances subsequent to the appealed judgment" fall within collateral matters within the trial court's residual jurisdiction. Despite that ruling, no compliance-status hearing has been held since May 7, 2024. The state courts' unreasonable application of Jackson v. Indiana by sanctioning Petitioner's continued confinement without ensuring that the duration of his incarceration is still related to the purpose of the order constitutes a violation of Petitioner's due process rights under the Fifth and Fourteenth Amendments.

**III (D) Ground Four:** Petitioner has been held in the Cook County Jail since June 28, 2022 for indirect civil contempt. During these forty-four (44) months of incarceration — more than seven times the six-month threshold — the state court has not made any findings based on an evidentiary hearing that Petitioner has not produced 120,000 shares of CBOE stock because he is recalcitrant, that Petitioner is able to comply, that further incarceration will likely result in compliance, and that further incarceration has not become more punitive than coercive. Illinois law has established that the maximum period of time a court can hold a contemnor for indirect civil contempt is six (6) months without having an evidentiary hearing where the evidence establishes that the reason for the contemnor's continued non-compliance is his recalcitrance. In re Marriage of Betts, 200 Ill. App. 3d 26, 57 (1990). While the six (6) month period is not binding on federal law, it is a good yardstick because clearly established Federal law as determined by the Supreme Court of the United States holds that when the nature and duration of an individual's confinement for civil contempt no longer bears a reasonable relationship to the purpose for which he is committed a substantial federal constitutional claim relating to denial of due process is present. Jackson v. Indiana, 406 U.S. 715, 738 (1972); McNeil v. Director, Patuxent Institution, 407 U.S. 245 (1972); Shillitani v. United States, 384 U.S. 364, 371 (1966).

It is a violation of Petitioner's due process rights for his incarceration for indirect civil contempt to exceed six (6) months unless the court makes a finding based on evidence that the Petitioner's recalcitrance is the cause of his failure to comply. The state court has made no such finding regarding Petitioner.

The undisputed documentary evidence submitted to the state courts established impossibility of compliance: (i) the 2017 Cook County Circuit Court Interpleader Decision established that Harnack procured the 2011 Dissolution Judgment knowing

that Petitioner had already withdrawn the CBOE shares prior to the divorce; (ii) the 2011 Dissolution Judgment itself confirms that Petitioner was awarded the accounts that are now in dispute; and (iii) Petitioner's IRS Form 1040 tax returns show annual income of $26,308 or less. These documents directly contradict the state court's speculative finding that Petitioner "may have" hidden assets. Under 28 U.S.C. §2254(e)(1), that factual determination is rebutted by clear and convincing evidence. The 2025 Appellate Court decision, while correctly reciting the applicable constitutional standards from Jackson and Sanders, imposed on Petitioner a burden to prove impossibility with "definite and explicit evidence" without requiring the trial court to make any affirmative finding of recalcitrance — an unreasonable application of clearly established federal law under 28 U.S.C. §2254(d)(1), in violation of Petitioner's due process rights under the Fifth and Fourteenth Amendments to the Constitution of the United States.

Respectfully Submitted

/s/ Laura Grochocki

Attorney for Steve Fanady

Laura Grochocki
Attorney for Steve Fanady
200 East Illinois Street, 3211
Chicago, Illinois 60611
312-620-0671
lauraglaw@aol.com
Attorney No. 6239444

## CERTIFICATE OF SERVICE

I, Laura Grochocki, attorney for the Petitioner, certify under penalties as provided by law that I caused to be served the above and foregoing via the CM/ECF electronic filing system to all attorneys for all parties of record on or before the 2nd day of March, 2026 before 6:00 p.m.

/s/ Laura Grochocki

Laura Grochocki
Attorney for Steve Fanady
200 East Illinois Street, 3211
Chicago, IL 60611
312-620-0671

Robert S. Held
Attorney for Steve Fanady Held
Law Offices
20 North Wacker Drive, Ste 1000
Chicago, IL 60606
(708) 265-7222
rheld@heldlawoffices.com
6230978