# EXHIBIT A

FILED DATE: 7/28/2022 1:19 PM 2008D002844

Atty. No.: 22838

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – DOMESTIC RELATIONS DIVISION

| | | |
|---|---|---|
| IN RE: THE MARRIAGE OF: | ) | |
| | ) | |
| PAMELA HARNACK, | ) | |
| | ) | |
| *Petitioner,* | ) | Case No.: 08 D 02844 |
| And | ) | |
| | ) | Consol. with 11 CH 07166 |
| STEVE FANADY, | ) | |
| | ) | |
| *Respondent.* | ) | |

**JUDGMENT FOR DISSOLUTION OF MARRIAGE**

THIS CAUSE coming to be heard upon the Petition for Dissolution of Marriage of the Petitioner, PAMELA HARNACK (hereinafter referred to as "Pamela"), and following the entry of an Order of Default against the Respondent, STEVE FANADY (hereinafter referred to as "Steve"), the Petitioner appearing in open Court, and by and through her attorney, ALLAN W. MASTERS, of ALLAN W. MASTERS, Ltd.; and the Court hearing testimony of Pamela duly sworn and examined in open Court in support of the allegations contained in her Petition for Dissolution of Marriage (a certificate which evidence being duly signed, sealed as filed herein) and the Court considering all the evidence and now being fully advised in the premises, finds as follows:

1. That the parties were married on October 25, 2003, said marriage was registered in the City of Chicago, County of Cook, State of Illinois.

2. That Pamela filed a Petition for Dissolution of Marriage on or about March 25, 2008.

3. That Steve was held in default for his failure to file an Appearance or otherwise plead on or about November 1, 2010 after his counsel was given leave to

Purchased from re:SearchIL

FILED DATE: 7/28/2022 1:19 PM 2008D002844

withdraw as his attorney, Steve was personally served with said Order together with a Petition for Rule to Show Cause on or about November 4, 2010 by private process server duly appointed by this Court.

4. That Steve is 46 years of age and is a resident of the County of Cook, State of Illinois.

5. That Pamela is 42 years of age, is a resident of the County of Cook, State of Illinois was a resident of Cook County, Illinois ninety (90) days prior to today's date and for more than ninety (90) days prior to the commencement of these proceedings.

6. That no children were born or adopted to the parties and that Pamela is not presently pregnant.

7. That this Court has found from the evidence that irreconcilable differences have arisen by and between the parties causing the irretrievable breakdown in the marriage and that any and all efforts for reconciliation have failed and that any future attempts at reconciliation would be fruitless and not in the best interest of the parties. As a result thereof, the parties have lived separate and apart since February 2008.

8. Steve has been guilty of mental cruelty towards Pamela, without cause or provocation by Pamela.

9. Pamela is unable to maintain or support herself without the income and support derived from Steve and as a result thereof this Court entered a Court Order in September 2010 requiring Steve to pay unto Pamela the amount of $6,175.00 per month as and for temporary support; said support never having been paid to date by Steve, further the Petitioner has recently been diagnosed with the onset of Sjogrens Syndrome, an autoimmune disorder.



Purchased from re:SearchIL

FILED DATE: 7/28/2022 1:19 PM 2008D002844

10. During the course of the marriage the parties have acquired various marital properties, including but not limited to, the following:

Marital Property:

A. Marital residence located at 2327 Winnetka Court, Northfield, Illinois; said property is in the name of ATD Trust Company No. 10265 for the benefit of Alpha Corporation, LLC, a corporation solely owned by Steve;

B. The equivalent of 320,000 (Three Hundred Twenty Thousand) shares of Chicago Board of Options Exchange (CBOE) stock (Steve Fanady being 100% owner of at least 280,000), as described below;

C. Fidelity Investments (Acct. xxx4110);

D. PICTET Swiss Private Banking-Orion (Acct. T-xx7677.0001);

E. PICTET Swiss Private Banking-Pantheon (Acct. N-xx6169.001);

F. CBOE stocks in the name of Alpha Industries, LLC;

G. CBOE stocks in the name of Fanmare Partnership;

H. Bank of Lincolnwood Corporate Checking Acct. No. xxxx1917;

I. Burling Bank Small Business Checking Acct. No. xxxx5894;

J. Republic Bank of Chicago Corporate Acct. No.xxxx4218;

K. Burling Bank Platinum MMA Acct. No. xxx2288;

L. Bank of Lincolnwood Checking Acct. No. xxx7298;

M. Piedmont Wells Real Estate Funds Acct. No. xxx6080;

N. Various household furniture, household furnishings, artwork, wedding gifts, and electronics;



Purchased from re:SearchIL

FILED DATE: 7/28/2022 1:19 PM 2008D002844

O. 2009 Covert Convertible, 2006 Acura RL, 2005 Acura MDX, and a 2011 Cadillac S.T.S.

11. That Pamela has established by confident, material and relevant proof the allegations contained in her Petition for Dissolution of Marriage; and this Court has jurisdiction of the parties to this cause and subject matter hereof.

12. That there is no other Petition for Dissolution of Marriage or Counter Petition for Dissolution of Marriage between the parties pending in any other county or state.

**IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED**, and this Court by virtue of the power and authority therein vested and the statute in such case made and provided:

**DOTH ORDER, ADJUDGE AND DECREED** as follows:

1. That a Judgment for Dissolution of Marriage be awarded to both parties.
2. That the bonds of matrimony existing between the Petitioner, Pamela Harnack, and Respondent, Steve Fanady, be and the same are dissolved and the parties are, and each of them is free from the obligations thereof and are herewith divorced from each other.
3. All rights and claims of Steve Fanady, past, present and future as to alimony, maintenance, support, temporary, permanent or otherwise from Pamela is hereby forever barred, terminated and ended.
4. That Steve Fanady was previously ordered to pay the amount of $6,175.00 per month as and for maintenance pursuant to the Petition for Temporary



Purchased from re:SearchIL

FILED DATE: 7/28/2022 1:19 PM 2008D002844

Maintenance as filed on or about June 2008, however the Respondent has failed to the full amount due pursuant to said Order.

5. As this Court determines that the Respondent has failed to pay the Petitioner the full amount due and owing for maintenance and this Court further determines that Pamela shall receive maintenance retroactive to the date of filing said petition to the date of entry of Judgment herein and the amount of $67,925.00 said amount being determined as the amount due and owing from September 2010 to July 2011 (11 months).
6. Further, this Court determines that Pamela has minimum income from her employment as a golf coach and dog walker and that the net worth of Steve Fanady previously was determined by this Court is approximately $7.3 Million Dollars as of the date of March 2010.
7. That as a result thereof, this Court finds that Pamela Harnack shall receive maintenance for a period of forty-eight (48) months from the date of entry of Judgment herein in the previously determined amount of $6,175.00 per month for a total of forty-eight (48) months or the amount of $296,400.00 as and for prospective support, the total amount due and owing as and for support being $364,325.00 for 59 months;, Pamela being awarded said amount as and for a lump sum settlement of maintenance in lieu of periodic payments, said amount to be paid from the ultimate amount of distribution as herein below indicated.
8. That further, Pamela is awarded right, title and interest and possession of the former marital residence located at 2327 Winnetka Court, Northfield, Illinois,



Purchased from re:SearchIL

FILED DATE: 7/28/2022 1:19 PM 2008D002844

said property being owned free and clear by Steve Fanady in the name of A.T.G. Trust Co. No. 10265 for the benefit of Alpha Corporation, LLC, a corporation solely owned by Steve Fanady.

9. That it is acknowledged by the Petitioner that said property is encumbered with a $690,460.00 Internal Revenue Service Lien for unpaid personal individual incomes taxes of Steve Fanady.

10. That the Respondent, Steve Fanady, is ordered to execute a Deed and transfer all rights, title, and interests of said property to Pamela Harnack within fourteen (14) days of the entry of Judgment herein, failing of the execution of said Deed transferring all right, title, and interests from A.T.G. Trust Co. No. 10265 for the benefit of Alpha Corporation, LLC to Pamela Harnack, this Court or any other Court in its stead will execute a Judge's Deed transferring all said rights, title, and interest therein to the Petitioner, Pamela Harnack.

11. Once the Title transfer to Pamela Harnack is complete, the Internal Revenue Service is requested to release any and all Liens on said property, said Liens being recorded for unpaid individual personal income taxes of Steve Fanady, the Petitioner having no responsibility therein.

12. That further this Court determines that the Chicago Board of Options Exchange stocks owned in the name of Steve Fanady, Alpha Industries, LLC, *i.e. Pantheon, LLC*, Fanmare Partnership and/or Isfran Partnership are marital property acquired subsequent to the date of marriage and as a result



Purchased from re:SearchIL

FILED DATE: 7/28/2022 1:19 PM 2008D002844

thereof the Petitioner, Pamela Harnack, is awarded 140,000 shares of said Chicago Board of Options Exchange stocks.

13. That the CBOE, BNY Mellon Bank, and Fidelity Investments are therefore instructed to transfer ~~140,000~~ 120,000 shares of CBOE stocks into the name of Pamela Harnack within ten (10) days of the entry of this Judgment, said stock to be the sole property of Pamela Harnack, free and clear of any interest of Steve Fanady, Alpha LLC, its owner Pantheon LLC, Fanmare or the partnership Isfran. FORTY THOUSAND SHARES CURRENTLY REGISTERED TO ALPHA LLC & SO HELD SHALL BE PLACED IN AN ESCROW ACCT PENDING RESOLUTION OF ISRAELIOUS CLAIM.

14. This Court, pursuant to the Petition for Attorneys Fees previously filed and incurred by Pamela in the prosecution of this case and for her prior attorneys, Katz and Stefani, said petition is currently pending, is awarded the amount of $200,000.00 as and for said fees;

(A) $45,000 incurred by Pamela for the prosecution of this cause, paid to current counsel;

(B) $68,000 reimbursement to K&S Pamela Harnack's prior counsel pursuant to their Petition for Attorneys' Fees, said amount to be paid to K&S upon the receipt and sale of the CBOE stock awarded herein to the Petitioner;

(C) $37,000.00 previously paid by Pamela Harnack, individually to K&S; and,

(D) $50,000 prospective fees to Allan W. Masters for prospective fees and the enforcement of this Judgment.



Purchased from re:SearchIL

FILED DATE: 7/28/2022 1:19 PM 2008D002844

Said fees are awarded to Pamela Harnack for obstructive actions taken by the Respondent, Steve Fanady, *i.e. failing to comply with this court's orders, being previously held in contempt, failure to participate in the process and in generating false pleadings as indicated in other documents currently pending in this matter.*

15. That the amounts herein above indicated shall be reimbursed to the Petitioner from the proceeds of the sale of the ~~140,000~~ 120,000 shares of Chicago Board of Options Exchange stocks awarded to her pursuant to this Judgment.

16. Automobiles: The Petitioner, Pamela Harnack, is awarded all rights, title and ownership of the 2005 Acura MDX automobile currently titled in the name of Alpha Industries, Inc. The Respondent, Steve Fanady, shall execute any and all documents necessary to transfer the interest in said vehicle to Pamela Harnack within ten (10) days of the entry of this Judgment herein, or any Judge of a Court of competent jurisdiction so authorized failing Steve Fanady taking such action.

17. That upon said transfer of title, Pamela Harnack agrees to indemnify and hold harmless Steve Fanady of any and all expenses, insurance, and maintenance costs relative to the operation of the 2005 Acura MDX automobile.

18. That Steve Fanady is awarded all rights, title and interests in 2009 Corvette Convertible, 2006 Acura RL, and his newly acquired Cadillac S.T.S. automobiles. Steve shall hold harmless and indemnify Pamela Harnack of any and all costs, expenses or maintenance relative to the operation of said vehicles from the date of entry of Judgment herein.



Purchased from re:SearchIL

FILED DATE: 7/28/2022 1:19 PM 2008D002844

19. That Steve is awarded the balance of the shares of the CBOE stocks (not awarded to Pamela), *i.e. stock currently in his name, the name of Alpha Industries, LLC (i.e. Pantheon LLC), Fanmare Partnership, or Isfran.*

20. Steve shall maintain as his sole and personal property any and all monies on deposit in the following accounts:

A. Fidelity Investments (Acct. xxx4110);

B. PICTET Swiss Private Banking-Orion (Acct. T-xx7677.0001);

C. PICTET Swiss Private Banking-Pantheon (Acct. N-xx6169.001);

D. Bank of Lincolnwood Corporate Checking (Acct. No. xxxx1917);

E. Burling Bank Small Business Checking (Acct. No. xxxx5894);

F. Republic Bank of Chicago Corporate (Acct. No.xxxx4218);

G. Burling Bank Platinum MMA (Acct. No. xxx2288);

H. Bank of Lincolnwood Checking (Acct. No. xxx7298);

I. Piedmont Wells Real Estate Funds (Acct. No. xxx6080).

20 b. Pamela is awarded, as her sole property, the following non-marital assets free and clear of any interest by Steve:

A. Chase Checking Acct. No. xxxx6830;

B. Consolidated Chase Checking and Savings Acct. No. xxxx1195/2015;

C. State Street Bank & Trust Consolidated Roth IRA Acct. No. xxxx6979/3012;

D. Fidelity Investment – Pamela's 1996 Trust Acct. No. xxxx5882;

E. TD Ameritrade – Pamela's 1996 Trust Acct. No. xxxx3933; and,

F. TRS of Illinois Acct. No. xxxx72765.



Purchased from re:SearchIL

FILED DATE: 7/28/2022 1:19 PM 2008D002844

21. Division of Personal Property: The Parties have divided, and shall keep as their sole and separate property, such items of personal belongings in their current possession; consisting of clothes, jewelry, and other personal effects, free and clear of any rights, title, claim or interest of the other. Further, Pamela is awarded the personal property as indicated in **Exhibit "A"** and Steve shall provide said items to Pamela within five (5) days of entry of Judgment herein.

22. Employment Benefits and Other Accounts: That during the course of the marriage Pamela did not acquire in her own name any pensions, benefits, 401(k) Plans, or any other retirement programs through any employer which Pamela has had during the course of said marriage.

That further Pamela states that to the best of her knowledge Steve has not acquired any interest in any pension plans, profit sharing, 401(k) Plans, or any other retirement programs through his prior employment or current status as a trader at the Chicago Board of Options Exchange.

23. Health Insurance: That each party shall be solely responsible for securing and maintaining their respective health and dental insurance policy/policies upon the entry of the Judgment for Dissolution of Marriage. Further, Pamela and Steve shall be solely responsible for any and all personal health, dental and vision related debts and liabilities, and hold the other safe and harmless thereto.

24. Undisclosed Assets: Pamela represents that all of the marital property to her knowledge has been described or listed in this Judgment, and further states that if at any time after the execution of this Judgment any additional property is discovered, whether in the name of Pamela, Steve or any other person or entity on his/her behalf,



Purchased from re:SearchIL

FILED DATE: 7/28/2022 1:19 PM 2008D002844

jointly or individually, said property will be divided equally between the parties pursuant to appropriate petition and court order.

25. Debts and Obligations: Except as provided for herein, Pamela shall pay and shall save and hold Steve free, harmless and indemnified against all debts, liabilities and obligations of every kind and nature whatsoever which were incurred by her for the benefit of herself, for necessities or otherwise. Pamela further agrees that she shall promptly reimburse Steve for any and all costs, including legal fees and court costs, which he may hereafter be required to incur in the event any effort is made to assess such liabilities against him.

26. Except as provided for herein, Steve shall pay and shall save and hold Pamela free, harmless and indemnified against all debts, liabilities and obligations of every kind and nature whatsoever which were incurred by him for the benefit of himself, for necessities or otherwise, including any income tax liabilities incurred by him during the course of the marriage and pursuant to his filing of individual tax returns and not a joint tax return. Steve is further ordered that he shall promptly reimburse Pamela for any and all costs, including legal fees and court costs, which she may hereafter be required to incur in the event any effort is made to assess such liabilities against her.

27. Understanding of Legal Rights: Pamela acknowledges on her own behalf that she has been fully and carefully informed of her legal rights and duties, including the following:

(a) Right to Discovery. The right to pretrial discovery in order to determine the true financial position of the opposing party and that such discovery has



Purchased from re:SearchIL

FILED DATE: 7/28/2022 1:19 PM 2008D002844

been extensively pursued as to the marital assets and any non-marital assets in Steve's possession and control;

(b) Discovery. PAMELA acknowledges that extensive discovery has been furnished and completed both by prior counsel and by current counsel relative to any and all holdings of STEVE FANADY individually, holdings of Alpha LLC, a subsidiary of Pantheon LLC, Fanmare, a partnership, and Isfran. That PAMELA acknowledges that she has been able to review said documentation in person over the last several months and that said discovery has been completed and updated immediately prior to the entry of Judgment herein;

(c) Consequences of Waiver. The Petitioner further acknowledges on her own behalf that even given the extensive discovery provided, certain limitations are imposed upon counsel in providing advice based upon those facts presented by the opposing Party which have not been challenged; and that the failure to use the power of the Court to ascertain the underlying facts at issue may be detrimental, unless each Party is completely familiar with the other's circumstances;

(d) Range of Results. The range of what the Court may order, if called upon to decide the case as a contested matter, and the right of each Party to have a Court hear this case as a contested matter, if, in fact, the Respondent were to cure his default and appear and plead; and,

(e) Meaning. The legal and binding effect of each provision of this Judgment.

28. General Provisions: The distribution of assets as herein set forth constitutes a division of the marital property jointly owned by the Parties deemed co-owned, in



Purchased from re:SearchIL

FILED DATE: 7/28/2022 1:19 PM 2008D002844

accordance with Chapter 750, Section 503 of the Illinois Marriage and Dissolution of Marriage Act and the 1986 Internal Revenue Code. Therefore, the within are non-taxable transactions under either Federal or Illinois law, and are subject to no gains or losses recognized to either Party. Accordingly, the basis of each individual asset received in its entirety by one Party or the other in the division will retain its present marital basis in the hands of the Party receiving it.

29. Neither PAMELA nor STEVE shall perform any act, directly or indirectly, that is deliberately calculated to exhaust, diminish or reduce the value of his/her holdings and assets in order to evade his/her obligations under this Judgment or otherwise reduce the value of his/her estate.

30. In the event either Party shall willfully and contumaciously fail to duly perform his/her financial or other undertakings as required herein, as a result of which the other shall incur any other expenses, including attorney's fees, to enforce the provisions and terms of this Judgment, said Party shall indemnify and hold the other harmless for any such expense, including the payment of reasonable attorney's fees and costs of enforcement of this Judgment.

31. Each Party shall do all acts necessary and required to affect a religious dissolution or declaration of invalidity of their marriage in accordance with the requirements of their respective religious faiths. The cost and expense incident to the accomplishment of that religious dissolution or declaration of invalidity of the marriage shall be borne by the Party requesting the cooperation of the other.

32. The Parties are forever barred from asserting any and all claims they have or may have against each other, including without limitation, dower, homestead,



Purchased from re:SearchIL

FILED DATE: 7/28/2022 1:19 PM 2008D002844

inheritance, marital property, and all other property rights, real, personal, or mixed, owned now or hereinafter acquired.

33. Except as otherwise provided in this Judgment, each of the Parties shall execute, acknowledge and deliver upon the effective date of this Judgment, good and sufficient instruments as may be necessary and proper to vest the titles and estates in the respective parties hereto, as provided herein, and thereafter, at any time and from time to time, to execute, acknowledge and deliver any and all documents which may be necessary or proper to carry out the purposes of this Judgment and establish of record the sole and separate ownership of the several properties of said parties in the manner herein agreed and provided. If either Party for any reason shall fail or refuse to execute any such document, then this Judgment shall, and it is hereby expressly declared to, constitute a full and present transfer, assignment and conveyance of all rights hereinabove designated to be transferred, assigned, conveyed, and a full, present and effective relinquishment and waiver of all rights herein designated to be relinquished and waived.

34. Except as otherwise provided in this Judgment, and to the fullest extent permitted by law, each of the parties, freely and voluntarily, hereby forever releases, remises, discharges, relinquishes, waives, and quit claims to the other, his/her heirs, personal representatives, executors, and assigns, all rights to maintenance, alimony, dower, inheritance, descent distribution, community interest and all other right, title, claim interest and estate as husband and wife, widow or widower, or otherwise by reason of the marital relation existing between them, under any present or future law, or which he/she otherwise has, may have, or ever had, or might be entitled to claim in, to



Purchased from re:SearchIL

FILED DATE: 7/28/2022 1:19 PM 2008D002844

or against the property or assets of the other, real, personal, or mixed, of his/her estate, whether now owned or hereafter acquired in any manner by the other party, or whether in possession or in expectancy, and whether vested or contingent, and each party further so covenants and agrees for himself/herself, his/her heirs, personal representatives, executors, and assigns, for the purpose of enforcing any or all of the rights relinquished under this Judgment; and each of the Parties agrees that in the event any claim, suit or action shall be commenced, this release, when pleaded, shall be and constitute a complete defense to any such claim, suit or action so instituted by either Party hereto; and each of the Parties further agrees to execute, acknowledge and deliver at the request of grantees, devisees or assigns, any and all such deeds, release or other instrument and further assurance as may be required to effect or evidence such release, waiver, or relinquishment or extinguishment of such rights; provided however, that nothing contained herein shall operate or be construed as a waiver or release by either Party to the other of his/her respective obligations under this Judgment.

35. Except as otherwise provided in this Judgment, each of the Parties hereby waives and relinquishes, freely and voluntarily, any and all right to act as administrator or administrator-of-the-will-annexed of the estate of the other Party, and each of the Parties further waives and relinquishes, freely and voluntarily, any and all rights to inherit by interstate succession any of the property of which the other Party may die seized or possessed, and should either of the Parties die intestate, this Judgment shall operate as a relinquishment of all rights of the surviving Party hereafter to apply for letters of administration in any form, and the estate of such deceased Party, shall pass in the same manner as though the Parties hereto had never been married, each of them



Purchased from re:SearchIL

FILED DATE: 7/28/2022 1:19 PM 2008D002844

respectively, reserving the right to dispose, by testate or otherwise, of his/her respective property in any way that he/she may deem fit without any restriction or limitations whatsoever; provided however, that nothing in this Judgment shall operate to be construed as a waiver or release by either Party of the obligation to the other to comply with the terms of this Judgment, or the rights of either Party under this Judgment.

36. Upon entry of the Judgment for Dissolution of Marriage, shall retain the right to enforce the provisions and terms of this Judgment, which Judgment shall be binding upon and inure to the benefit of the Parties, their heirs, personal representatives, executors, administrators, assigns, devisees, legatees, and grantees. Additionally, this Court reserves jurisdiction of this matter to enforce all the terms as indicated and specifically reserves jurisdiction to redistribute the marital property indicated herein in the event that the Respondent, Steve Fanady, has disposed, squandered, encumbered or otherwise dissipated any of the assets represented herein as marital property in contravention of this Court's Order; and in violation of this Court's Permanent Injunction. Said Injunction shall be modified only to the extent necessary to affect compliance with this Judgment.

37. This Judgment shall be governed in accordance with internal laws (without regard to the choice of laws) of the State of Illinois, irrespective of the later domicile or residence of either Husband or Wife. This Judgment may not be modified or changed by any Court pursuant to Section 502(f) of the Illinois Marriage and Dissolution of Marriage Act, as amended. Any such amendments shall be reduced to writing, dated and signed by both of the parties, and specifically provide that it is intended to alter or amend this Judgment. No oral agreement, modification or amendment of this Judgment



Purchased from re:SearchIL

FILED DATE: 7/28/2022 1:19 PM 2008D002844

shall be effective or enforceable in any manner, or constitute a waiver of any provision of this Judgment. ANY PRIOR INJUNCTION ENTERED IN THIS MATTER SHALL SURVIVE THIS JUDGMENT & REMAIN IN FULL FORCE & EFFECT

38. Except as hereinabove otherwise provided, all rights, duties, and obligations of the Parties hereto arising out of or through any prior Court Orders entered in the action presently pending between the Parties, shall terminate EXCEPT FOR THE PURPOSE OF COMPLIANCE HEREWITH upon the entry of a Judgment for Dissolution of Marriage and full compliance with the terms and provisions herein. Further said rights and obligations shall be governed by said Judgment.

ENTERED
JUDGE LEIDA J. GONZALEZ-SANTIAGO-1612
AUG - 3 2011
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

DATED: ____________________

ENTERED:

______________________________
JUDGE Judge's No.

Prepared by:
ALLAN W. MASTERS, Ltd.
Attorney for Pamela Harnack
741 North Dearborn Street
Chicago, Illinois 60654
W. (312) 482-8200
F. (312) 482-9656
Atty. No.: 22838



Purchased from re:SearchIL

FILED DATE: 7/28/2022 1:19 PM 2008D002844

Pamela Harnack v. Steve Fanady
Case No.: 08 D 02844
**Exhibit "A"**

| | ITEMS REWARDED TO PAMELA | |
|---|---|---|
| | | |
| 2 | K Chairs – 3 | All 3 |
| 3 | CB Potting Benches – 3 | 1 (Pamela has one) |
| 5 | Hole Everything Media Stands – 3 | 1 |
| 6 | Foosball Table | 1 |
| 7 | 40" LCD Sony TV and Stand | 1 |
| 8 | DVD Players – 2 | 1 |
| 9 | Game Table | 1 |
| 10 | CB Bar Stools – 2 | 2 |
| 14 | PB Side Tables – 3 | 1 (Pamela has one) |
| 15 | PB Ginger Nesting Tables – 2 | 1 |
| 16 | PB Ginger Console Table | 1 |
| 20 | MM Living Room Sofas – 2 | 1 |
| 21 | MM Living Room Chairs – 2 | 1 |
| 22 | MM Living Room Table | 1 |
| 26 | PB Stools – 3 (2 Short and 1 Tall) | 1 Short and 1 Tall |
| 31 | PB Metro Table | 1 |
| 32 | Wyland Sculpture | 1 |
| 34 | Weber Gas Grill | 1 |
| 40 | Stairmaster | 1 |
| 48 | CB Sliding Door Bookcase | 1 |
| 54 | Jura Espresso Maker ($2,000.00) | 1 |
| 58 | LL Bean Large Waterhog Entry Mats – 2 (Blue and Tan) | 1 |
| 61 | PB Floor Lamp | 1 |
| 63 | Cuisenart Wine Cooler | 1 |
| 64 | Kitchen Aid Artisan Stand Mixer – Blue | 1 |
| 66 | MM Gold Lined Vases (Art) – 2 | 1 |
| 68 | Oriental Rugs – 8 (3 Large, 1 Oval and 4 Small) | 1 Large – Blue |
| 71 | Log Double Storage Rack and Cover | Both |
| 72 | Large, extra thick, Exercise Mat | 1 |
| 74 | Garden – Flagstone Path (Pam built with sister – 4 hours) | All |
| 77 | Kitchen Items – Additional Wustof Classic Knives | One-half (½) |
| 78 | K – Bamboo Drawer Organizers | One-half (½) |
| 79 | K – CB Arctic Utensils – 4 additional sets | One-half (½) |
| 80 | K – Le Cruset Square and Rectangular Bakers (Blue) 1 | 1-Square |
| 81 | K – Additional all Clad Pots and Pans, Cookware | One-half (½) |
| 82 | K – CB 6 Piece Mixing Bowl Set | 1 |
| 83 | K – Numerous Cooking Accoutrements' | One-half (½) |
| 84 | K – Pam's Shower Gifts from Family and Friends | All |



Purchased from re:SearchIL

FILED DATE: 7/28/2022 1:19 PM 2008D002844

| | | |
|---|---|---|
| 89 | Various Cutting Board | One-half (½) |
| 90 | GI Large Square Plates – Blue and Yellow – 4 | 2 Blue |
| 91 | CB Numerous Kitchen Items | One-half (½) |
| 92 | CB Christmas Hand-Hooked Rug (from Pam's mother) | 1 |
| 92 | Wyland Signed Prints – 2 (came with sculpture purchase) | 1 |
| 93 | Wyland Signed Prints – 2 Sets (from Pam's mother) | 2 |
| 94 | All Clad Small Non-stick Fry Pans | One-half (½) |
| 95 | SS Braun Impressions Electric Kettle | 1 |
| 96 | Extension Cords (multiple) | One-half (½) |
| 97 | Movies and DVD's | One-half (½) |
| 98 | Rattan Halloween Basket | 1 |
| 99 | Nambe Crystal Planer Bowl (Pamela won) | 1 |
| 102 | MM 2007 Decorative Accent Pillows – 10 plus | One-half (½) |
| 105 | Pin Seeker 1500+ Golf Range Finder (gift from Steve) | 1 |
| | | |
| | CB = Crate and Barrel | |
| | PB = Pottery Barn | |
| | K = Kitchen | |
| | RB = Room and Board | |
| | GI = Great Indoors | |
| | MF = Marshall Field's | |



Purchased from re:SearchIL