**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEVE FANADY, | ) | |
| | ) | Case No. 26 CV 02290 |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | JUDGE GEORGIA N. ALEXAKIS |
| | ) | |
| THOMAS DART, ET AL., | ) | |
| | ) | |
| Respondents. | ) | |

**RESPONDENTS' RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

RELEVANT BRIEFS, ORDERS AND OPINIONS .......... 2

Illinois State Court Proceedings .......... 2

Illinois Appellate Court Proceedings .......... 2

Other Related Illinois Appellate Court Opinions and Rule 23 Orders .......... 2

Illinois Supreme Court Proceedings .......... 3

Northern District Of Illinois Court Proceedings .......... 3

STATEMENT OF FACTS AND PROCEDURAL HISTORY .......... 4

I. Background .......... 4

II. Fanady's Federal Habeas Proceedings .......... 8

ARGUMENT IN OPPOSITION OF HABEAS RELIEF .......... 10

I. This Court Should Abstain Under *Younger* .......... 10

II. Fanady's Petition Arises Under Section 2254 .......... 13

III. Fanady Procedurally Defaulted His Claims By Failing to Raise Them In State Court .......... 17

IV. Fanady's Petition Fails on the Merits .......... 20

V. This Court Should Deny a Certificate of Appealability .......... 22

CONCLUSION .......... 22

CERTIFICATE OF SERVICE .......... 23

## TABLE OF AUTHORITIES

### CASES

*Anderson v. Benik*, 471 F.3d 811 (7th Cir. 2006) .......... 18

*Baldwin v. Lewis*, 442 F.2d 29 (7th Cir. 1971) .......... 17

*Bousley v. United States*, 523 U.S. 614 (1998) .......... 20

*Charlton v. Davis*, 439 F.3d 369 (7th Cir. 2006) .......... 21

*Coleman v. Ahlin*, 542 F. App'x 549 (9th Cir. 2013) .......... 11, 22

*Davis v. Lansing*, 851 F.2d 72 (2d Cir. 1988) .......... 11

*Dressler v. McCaughtry*, 238 F.3d 908 (7th Cir. 2001) .......... 18

*Duncan v. Walker*, 533 U.S. 167 (2001) .......... 15

*Ehlers v. Gallegos*, No. 16 C 5092, 2020 U.S. Dist. LEXIS 2028, 2020 WL 43010 (N.D. Ill. Jan. 3, 2020) .......... 11

*Farrell v. Lane*, 939 F.2d 409 (7th Cir. 1991) .......... 18

*Galtieri v. Wainwright*, 582 F.2d 348 (5th Cir. 1978) .......... 19

*Gonzalez v. Thaler*, 132 S. Ct. 641 (2012) .......... 22

*Harnack v. Fanady*, 2022 IL App (1st) 210143 .......... 3, 5

*In re Marriage of Harnack*, 2014 IL App (1st) 121424 .......... 3, 5

*In re Marriage of Harnack*, 2019 IL App (1st) 170813-U .......... 3, 5

*In re Marriage of Harnack*, 2021 IL App (1st) 210014-U .......... 3, 5

*In re Burrus*, 136 U.S. 586 (1890) .......... 16

*Jackson v Indiana* (Dkt. 1 ¶ 25) .......... 13

*J.D. v. Woodward,* 997 F.3d 714 (7th Cir. 2021) .......... 13

*Juidice v. Vail*, 430 U.S. 327 (1977) ........................................ 11

*Kramer v. Olson*, 347 F.3d 214 (7th Cir. 2003) ........................................ 14

*Lieberman v. Thomas,* 505 F.3d 665 (7th Cir. 2007) ........................................ 19

*Lewis v. Sternes*, 390 F.3d 1019 (7th Cir. 2004) ........................................ 18

*Martinez v. Ryan*, 566 U.S. 1 (2012) ........................................ 16

*O'Sullivan v. Boerckel*, 526 U.S. 838 (1999) ........................................ 20

*Parejko v. Dunn Cty. Circuit Court*, 209 Fed. App'x 545 (7th Cir. 2006) ........... 11, 12

*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987) ........................................ 12

*Puchner v. Severson*, Case No. 22-C-891, 2022 U.S. Dist. LEXIS 177005, 2022 WL 4586097 (E.D. Wis. Sept. 29, 2022) ........................................ 15

*Puchner v. Waukesha Cty. Jail*, Case No. 23-cv-0505-bhl, 2023 U.S. Dist. LEXIS 76905, 2023 WL 3231773 (E.D. Wis. May 3, 2023) ........................................ 15

*R. & R. adopted*, 2020 WL 819532 (N.D. Fla. Feb. 18, 2020) ........................................ 11

*Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69 (2013) ........................................ 11

*Stroman Realty, Inc. v. Martinez*, 505 F.3d 658 (7th Cir. 2007) ........................................ 13

*Sweeny v. Bartow*, 612 F.3d 571 (7th Cir. 2010) ........................................ 11

*Sykes v. Cook Cty. Circuit Court Prob. Div.*, 837 F.3d 736 (7th Cir. 2016) ............. 12

*Thaxton v. Jackson Cty. Corr. Facility*, No. 5:20CV3-TKW-EMT, 2020 WL 824123 (N.D. Fla. Feb. 6, 2020) ........................................ 11

*United States v. Castor*, 937 F.2d 293 (7th Cir. 1991) ........................................ 17

*Verdin v. O'Leary*, 972 F.2d 1467 (7th Cir. 1992) ........................................ 18

*Villanueva v. Anglin*, 719 F.3d 769 (7th Cir. 2013) ........................................ 18

*Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2020) ........................................ 14

*Weddington v. Zatecky*, 721 F.3d 456 (7th Cir. 2013) ........................................ 18

*Younger v. Harris*, 401 U.S. 37 (1971) .................................................. 1, 9, 10, 11, 13

**STATUTES, AMENDMENTS AND RULES**

28 U.S.C. § 2241 ........................................................................................ 14, 15, 17

28 U.S.C. § 2253 ........................................................................................................ 22

28 U.S.C. § 2254 .................................................................................................. *passim*

U.S. Const. Amend. V ................................................................................................ 1, 6

U.S. Const. Amend. XIV ............................................................................................ 1, 6

Fed. R. Civ. P. 5.2(b)(3) ................................................................................................ 2

Ill. Sup. Ct. R. 304(b) .............................................................................................. 5, 15

Ill. Sup. Ct. R. 315(b)(1) ............................................................................................ 5, 8

Rule 5(c) of the Rules Governing Section 2254 Cases ................................................ 2

Rule 11(a) of the Rules Governing Section 2254 Cases ............................................. 22

Respondents, Thomas Dart, Sheriff of Cook County ("Sheriff Dart") and Cook County Department of Corrections Executive Director Jane Gubser, hereby respond to Petitioner, Steve Fanady's Second Petition for a Writ of Habeas Corpus. In his Second Petition, Fanady argues that he should be released from the custody of the Cook County Department of Corrections ("Corrections") where he is being held for indirect civil contempt. The petition should be dismissed or denied for the reasons below.

## INTRODUCTION

The basis of Fanady's petition is that Sheriff Dart has been holding him in custody at Corrections without any "valid judicial order," in violation of his constitutional rights under the Fifth and Fourteenth Amendments. (Dkt. 1 at 9). This claim is identical to Fanady's First Petition for Writ of Habeas Corpus in 23-cv-05806. (Ex. 25). The only discernable difference between Fanady's First Petition and the Petition currently before the Court is that Fanady has yet again been rebuffed by the Illinois Appellate Court ("*Harnack V*" Ex.14) and additional time has passed. Just as before, Fanady's state court contempt proceedings remain ongoing, and this Court should continue to abstain from considering his petition pursuant to *Younger v. Harris*, 401 U.S. 37 (1971). Second, Fanady failed to exhaust his constitutional arguments at the state level, and the time to do so has expired. Therefore, Fanady's petition is procedurally defaulted and should be denied. Finally, this Court should deny a certificate of appealability.

## RELEVANT BRIEFS, ORDERS AND OPINIONS

Pursuant to Rule 5(d) of the Rules Governing Section 2254 Cases[1], Respondents attach the following briefs on appeal, a supporting record, orders, and opinions[2] to their Response:

**Illinois State Court Proceedings**

- Order of Adjudication of Indirect Civil Contempt and/or Order of Commitment, entered February 9, 2021. (Exhibit 1)
- Body Attachment Order, entered February 10, 2021. (Exhibit 2)
- Amended Body Attachment Order, entered February 11, 2021. (Exhibit 3)
- Body Attachment Order, entered June 21, 2022. (Exhibit 4)
- Order on Motion to Vacate Contempt Ruling, entered April 3, 2024. (Exhibit 5)
- Trial Court Order, entered July 31, 2024. (Exhibit 6)
- Trial Court Order, entered July 9, 2026. (Exhibit 7)
- Trial Court Order, entered July 21, 2026. (Exhibit 8)[3]
- Trial Court Orders from February 9, 2021, to Present—Compiled. (Exhibit 9)
- Trial Court Docket from January 2021 to Present. (Exhibit 10)

**Illinois Appellate Court Proceedings**

- Brief of Appellant, Steve Fanady, dated December 30, 2024. (Exhibit 11)
- Brief of Appellee, Pamela Harnack, dated April 23, 2025. (Exhibit 12)
- Reply Brief of Appellant, Steve Fanady, dated May 6, 2025. (Exhibit 13)

---

[1] Pursuant to Rule 5(c) of the Rules Governing Section 2254 Cases, Respondents are required to indicate what transcripts are available. Certain transcripts were provided by Fanady's counsel in his Supreme Court Rule 328 Supporting Record in Support of his Motion for a Supervisory Order Pursuant to Supreme Court Rule 383, filed in the Illinois Supreme Court and attached hereto as Exhibit 13. Fanady, through his counsel, is better suited to provide the Court with any additional relevant transcripts. Respondents were not involved in the underlying state court proceedings, and for civil cases held in state court, court reporters are not present unless arranged by the parties. After reviewing the Response, if the Court requests additional transcripts, Respondents will try to obtain and provide them to the Court.

[2] All exhibits are either court orders/opinions or part of the official record of state court proceedings and therefore, exempt from redactions under Fed. R. Civ. P. 5.2(b)(3).

[3] At the time of filing, the order for the July 21, 2026, status hearing had not yet been entered. Upon it being entered, it will be submitted as a supplemental exhibit.

- Illinois Appellate Court Opinion, First District, Second Division, *Harnack v. Fanady*, 2025 IL App (1st) 240835 (No. 1-24-0835) ("*Harnack V*"), dated June 4, 2025. (Exhibit 14)

**Other Related Illinois Appellate Court Opinions and Rule 23 Orders**

- Illinois Appellate Court Opinion, First District, Fifth Division, *In re Marriage of Harnack*, 2014 IL App (1st) 121424 (No. 1-12-1424) ("*Harnack I*"), dated November 21, 2014. (Exhibit 15)
- Illinois Appellate Court Rule 23 Order, First District, Fourth Division, *In re Marriage of Harnack*, 2019 IL App (1st) 170813-U (Nos. 1-17-0813, 1-17-1841, & 1-17-2326 Cons.), dated March 21, 2019 ("*Harnack II*"). (Exhibit 16)
- Illinois Appellate Court Rule 23 Order, First District, Third Division, *In re Marriage of Harnack*, 2021 IL App (1st) 210014-U (No. 1-21-0014) ("*Harnack III*"), dated December 22, 2021. (Exhibit 17)
- Illinois Appellate Court Opinion, First District, Third Division, *Harnack v. Fanady*, 2022 IL App (1st) 210143 (No. 1-21-0143) ("*Harnack IV*"), dated June 1, 2022. (Exhibit 18)

**Illinois Supreme Court Proceedings**

- Fanady's Motion for a Supervisory Order and Supporting Explanatory Suggestions Pursuant to Supreme Court Rule 383, dated February 28, 2023. (Exhibit 19)
- Fanady's Supreme Court Rule 328 Supporting Record in Support of Movant Steve Fandy's Motion for a Supervisory Order Pursuant to Supreme Court Rule 383, submitted February 28, 2023. (Exhibit 20)
- Harnack's Response to Motion for Supervisory Order According to Supreme Court Rule 383, dated March 7, 2023. (Exhibit 21)
- Supreme Court of Illinois Order, denying Fanady's Motion for a Supervisory Order, dated March 27, 2023. (Exhibit 22)
- Petition for Leave to Appeal from the Appellate Court to Illinois Supreme Court. (Exhibit 23)
- Illinois Supreme Court Denial of Petition for Leave to Appeal. (Exhibit 24)

**Northern District of Illinois Proceedings**

- Amended Petition for Writ of Habeas Corpus dated September 13, 2023. (Exhibit 25)
- Memorandum in Support of Amended Petition for Writ of Habeas Corpus dated September 14, 2024. (Exhibit 26)
- Response to Petition dated October 26, 2023. (Exhibit 27)
- Reply in support of Petition dated November 17, 2023. (Exhibit 28)
- Order With Ruling dated May 5, 2025. (Exhibit 29)

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

### I. Background.

On August 3, 2011, the Circuit Court of Cook County entered a Default Judgment of Dissolution of Marriage against Fanady after an evidentiary hearing. (Ex. 14, ¶ 4; Ex. 16, ¶ 8; Ex. 20 at SR0084-SR00102.) This judgment awarded Fanady's ex-wife, Pamela Harnack, 120,000 shares of Chicago Board of Options Exchange stock and ordered that the shares be transferred to her. (*Id.*)

For several years, Fanady made intentional efforts to "'evade the jurisdiction of the court and to defraud this court,' as well as a Florida court, where he obtained a dissolution of marriage under false pretenses." (Ex. 14, ¶ 7.) The record further showed that Fanady "attempted to 'hide marital assets by selling one presumptively marital CBOE seat and hiding the money received in Switzerland and by transferring 120,000 presumptively marital shares' from partnership accounts." (*Id* citing Ex. 15, ¶ 46.)

Harnack petitioned to enforce this judgment on December 9, 2019, seeking Fanady's compliance with the terms of the court's order. (Ex. 14, ¶ 11; Ex. 18, ¶ 10.) After a December 11, 2020, evidentiary hearing, the court granted Harnack's petition and again ordered Fanady to transfer 120,000 shares of Chicago Board of Options Exchange stock to Harnack plus interest or pay the value of the shares within seven days. (*Id.* ¶ 19; Ex. 18, ¶¶ 17, 19.)

Fanady did not comply with this order, and Harnack filed a rule to show cause. (Ex. 14, ¶ 21.) After a February 9, 2021, hearing, the court granted Harnack's rule to

show cause and found Fanady's "failure to comply with the judgment from 2011, and then subsequently and more recently his failure to comply with [its] order of December 11, 2020, to be willful and contumacious." (*Id.* ¶ 24, 29.) The court held Fanady in indirect civil contempt and ordered that he be held in Corrections until he complied with the August 3, 2011, Judgment. (Ex. 1.; Ex. 14 ¶ 27-30.) A body attachment order was entered on February 10, 2021, and was later amended. (Exs. 2, 3.)

Under Illinois law, an order holding an individual in contempt of court is an appealable final judgment, Ill. Sup. Ct. R. 304(b)(6), and Fanady appealed the order holding him in contempt. See, *Harnack v. Fanady*, 2022 IL App (1st) 210143, ¶42 ("*Harnack IV*") (Ex. 18.)[4] In that appeal, Fanady argued that the circuit court abused its discretion in finding him in contempt, committing him to Corrections, and issuing the body attachment orders. (Ex. 18, ¶40.) On June 1, 2022, the Illinois Appellate Court rejected Fanady's arguments and affirmed the circuit court's contempt decision in its entirety. (Ex. 18, ¶ 78.)

To seek review in the Illinois Supreme Court, Fanady had to file a petition for leave to appeal within 35 days of the appellate court's judgment in *Harnack IV*. Ill. Sup. Ct. R. 315(b)(1). Fanady did not petition the Illinois Supreme Court for leave to

---

[4] There are three prior appeals relating to the underlying divorce proceedings between Fanady and Harnack, *In re Marriage of Harnack*, 2014 IL App (1st) 121424 ("*Harnack I*"); *In re Marriage of Harnack*, 2019 IL App (1st) 170813-U ("*Harnack II*"); and *In re Marriage of Harnack*, 2021 IL App (1st) 210014-U ("*Harnack III*"), but none has any discernible relevance to the petition other than as additional factual background. (Exs. 15, 16, 17.)

appeal the Illinois Appellate Court's decision in *Harnack IV* within that time, or at any time thereafter. Instead, nearly seven months after *Harnack IV* was decided, on February 28, 2023, Fanady filed a "Motion for Supervisory Order and Supporting Explanatory Suggestions Pursuant to Supreme Court Rule 383" and supporting record. (Exs. 19, 20.) In that motion, Fanady requested that the Illinois Supreme Court exercise its supervisory authority based on the state court's failure to hold the appropriate civil contempt compliance hearings, order that Judge Michael Forti comply with the rules of the Circuit Court of Cook County and conduct hearings, instruct Judge Michael Forti to release Fanady from Corrections, and conduct new contempt proceedings, if appropriate; Harnack responded. (Ex. 21.) On March 27, 2023, the Illinois Supreme Court denied Fanady's Motion for Supervisory Order. (Ex. 22.)

Meanwhile, while *Harnack IV* was on appeal and before he was taken into custody on the February 9, 2021, contempt order, Fanady had been appearing at court dates in the trial court via Zoom, but would often refuse to appear on camera in an attempt to conceal his whereabouts. (Ex. 14 ¶ 38.) As of March 15, 2022, Fanady had not presented himself to the Sheriff pursuant to the previously entered body attachment order and to that point, had not been taken into custody in compliance with the order, nor had he taken any action to purge the contempt. (*Id.* ¶ 39.) On that date, Harnack filed a motion to extend the body attachment order. (*Id.*) On March 21, 2022, Fanady filed a response to Harnack's Motion, arguing that the body attachment

order had already expired and as such, Harnack was required to bring a new petition for rule to show cause and that he was entitled to a new hearing. (*Id.* ¶ 40.)

On June 14, 2022, less than two weeks after the decision in *Harnack IV* was issued, the trial court held a hearing on the motion to extend the body attachment order. (*Id.* ¶ 41.) The trial court, "in an abundance of caution," issued a new body attachment order. (*Id.*; Ex. 4.) On June 27, 2022, Fanady was taken into custody and Fanady currently remains in Cook County Department of Corrections' custody. (Ex. 14 ¶ 44.)

On July 28, 2022, one month after he was taken into custody, Fanady filed a "Motion to Purge or Vacate Contempt." (*Id.* ¶ 46.) Fanady subsequently filed multiple emergency motions and requests for status hearings, resulting in a delay on the hearing on his "Motion to Purge or Vacate Contempt" until January 5, 2023, and April 18, 2023. (*Id.* ¶ 56; See Ex. 10.) The ruling on that motion was also significantly delayed by a multitude of other ongoing issues within the case. (*Id.* ¶ 83-95; See Ex. 10.) On April 3, 2024, the trial court orally denied Fanady's "Motion to Purge or Vacate Contempt", describing it as "woefully deficient." (Ex. 14 ¶ 106.) That same day, the trial court entered an order stating, "For the reasons stated in open court and on the record, [Fanady]'s Motion to Purge or Vacate Contempt, filed 07/28/22, is denied. The court makes the express finding that there is no just reason for delaying the enforcement or appeal or both of this judgment." (*Id.* ¶ 109; Ex. 5.) The trial court, at the written order of the Illinois Appellate Court, did further clarify its ruling in a written order entered on July 31, 2024. (Ex. 6.)

It was this ruling that led to Fanady's most recent appeal to the Illinois Appellate Court, under *In re Marriage of Harnack*, 2025 IL App (1st) 240835 (No. 1-24-0835) ("*Harnack V*"), dated December 30, 2024. (Ex. 11.) Harnack filed her response on April 23, 2025. (Ex. 12.) Fanady filed his response on May 6, 2025. (Ex. 13). On June 4, 2025, the Illinois Appellate Court issued its mandate, denying Fanady's appeal on all counts and affirming the trial court's ruling on Fanady's "Motion to Purge or Vacate Contempt." (Ex. 14.) Fanady did not file his Petition for Leave to Appeal from the Appellate Court with the Illinois Supreme Court until August 19, 2025, beyond the 35-day time limit pursuant to Ill. Sup. Ct. R. 315(b)(1). (Ex. 23.) Fanady's Petition was then denied by the Illinois Supreme Court on November 26, 2025. (Ex. 24.)

## II. Fanady's Federal Habeas Proceedings.

On September 7, 2023, Fanady filed an Amended Habeas Corpus Petition, and a memorandum in support, with this Court, arguing that holding him in Corrections for more than six months without an evidentiary hearing violated due process and that he is being held in violation of his Fifth Amendment and Fourteenth Amendment due process rights. (Exs. 25, 26.) Respondents filed their response on October 26, 2023. (Ex. 27.) Fanady filed his reply in support on November 17, 2023. (Ex. 28.)

In his First Amended Habeas Corpus Petition, Fanady argued that the court orders in which he is being held by Sheriff Dart are expired and no unexpired orders exist for his incarceration. (Ex. 25 at 5-6; Ex. 26 at 2.) Second, Fanady argued that a new evidentiary hearing should have been held because the contempt order expired

on February 9, 2022. (Ex. 25 at 6; Ex. 26 at 2-3.) Third, Fanady argued that periodic evidentiary hearings should be held pursuant to clearly established federal law, as determined by the United States Supreme Court, where the nature and duration of an individual's confinement for civil contempt no longer bears a reasonable relationship to the purpose for which he is committed, and a substantial federal constitutional claim relating to the denial of due process is present. (Ex. 25 at 6; Ex. 26 at 4.) Fourth, Fanady argued that holding him in custody longer than six months for indirect civil contempt without an evidentiary hearing and finding that Fanady can comply, but failed to do so because of recalcitrance, violates his due process rights and has a punitive and potentially coercive effect in violation of Illinois law. (Ex. 25 at 7; Ex. 26 at 5-6.)

On May 5, 2025, This Honorable Court abstained from exercising jurisdiction over Fanady's First Amended Habeas Corpus Petition pursuant to *Younger v. Harris,* 401 U.S. 37 (1971), and dismissed the petition. (Ex. 29.)

Fanady's Second Habeas Corpus Petition is virtually identical in its claims and substance to his First Amended Habeas Corpus Petition. In the Petition at hand, Fanady again challenges the Order of Commitment (Ex. 1), Body Attachment Orders (Exs. 2, 3), and the Body Attachment Order that was entered on June 21, 2022, (Ex. 4), and the regularity of his status of confinement hearings. Fanady is clear in his Second Habeas Corpus Petition that he has filed the petition now because he has yet again been rebuffed by the Illinois Appellate Court and was yet again denied an

audience with the Illinois Supreme Court and therefore believes *Younger* no longer applies. (Dkt. 1 ¶ 26.)

Fanady is mistaken. This Honorable Court's reasons for abstaining from exercising jurisdiction over Fanady's First Amended Petition still apply to his Second Petition since his state court proceedings are ongoing. This is made abundantly clear by the fact that on July 9, 2026, the trial court, after Fanady had made no efforts to set his case on the call since *Harnack V* issued on June 4, 2025, *sua sponte* issued an order stating, "(1) Status on the proceedings in this cause, and (2) Status on the proceedings concerning the Respondent's (Fanady) incarceration; the parties appearing; due notice having been given; the Court noting that Respondent, Steve Fanady, has been detained at the Cook County Jail since June 28, 2022, a period of more than four years; and the Court being fully advised in the premises," and set a hearing date of July 21, 2026. (Ex. 7).

## ARGUMENT IN OPPOSITION OF HABEAS RELIEF

### I. This Court Should Abstain Pursuant To *Younger* and Dismiss the Petition

This Court should again abstain from considering Fanady's Second Petition under *Younger v. Harris* and dismiss it, just as it did in its ruling on his First Amended Habeas Corpus Petition. (Ex. 29). *Younger* directs federal courts to abstain from exercising jurisdiction over federal claims that seek to interfere with pending state proceedings. 401 U.S. 37, 43-44 (1971). Abstention is appropriate only when one of three types of proceedings is pending: "ongoing state criminal prosecutions," "certain civil enforcement proceedings," and "pending civil proceedings involving

certain orders uniquely in furtherance of the state court's ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 77-78 (2013). The third category includes civil contempt proceedings pending in state court. *See Juidice v. Vail*, 430 U.S. 327, 335-36 (1977). "Proceedings related to granting a divorce, child support, or spousal maintenance are areas of 'significant state concern from which the federal judiciary should generally abstain under *Younger*." *Ehlers v. Gallegos*, No. 16 C 5092, 2020 U.S. Dist. LEXIS 2028, at *26, 2020 WL 43010 (N.D. Ill. Jan. 3, 2020) (quoting *Parejko v. Dunn Cty. Circuit Court*, 209 Fed. App'x 545, 546 (7th Cir. 2006)). *Younger* is a valid basis for dismissal of habeas petitions challenging ongoing state proceedings. *E.g., Sweeny v. Bartow*, 612 F.3d 571 (7th Cir. 2010); *see also Coleman v. Ahlin*, 542 F. App'x 549 (9th Cir. 2013); *Davis v. Lansing*, 851 F.2d 72 (2d Cir. 1988); *Thaxton v. Jackson Cty. Corr. Facility*, No. 5:20CV3-TKW-EMT, 2020 WL 824123, at *2 (N.D. Fla. Feb. 6, 2020), *R. & R. adopted*, 2020 WL 819532 (N.D. Fla. Feb. 18, 2020) (abstaining from exercising jurisdiction over a habeas petition challenging the petitioner's incarceration after a state court held him in contempt for failing to pay court-ordered child support).

Here, Fanady is "bringing a collateral challenge to the legality of a contempt judgment arising from a parallel state action to enforce a divorce decree—a context in which abstention principles are indeed relevant." *Ehlers v. Gallegos*, No. 16 C 5092, Dkt. 79, at 10 (N.D. Ill. Aug. 27, 2020). In such circumstances, a court asks whether there are ongoing state proceedings that are (1) judicial in nature; (2) involve important state interests; (3) provide an adequate opportunity to raise federal claims;

and (4) do not contain special circumstances that would make abstention inappropriate. *Sykes v. Cook Cty. Circuit Court Prob. Div.*, 837 F.3d 736, 740 (7th Cir. 2016).

Just as this Honorable Court ruled in dismissing Fanady's First Amended Petition, all four requirements remain satisfied here. The state proceedings are undoubtedly judicial in nature and remain ongoing because Fanady has to this day refused to satisfy the judgment against him. In fact, the trial court is still having status hearings on the exact issues Fanady raises here, the last one occurring as recently as July 21, 2026. (Ex.8).

Second, these proceedings implicate important state interests, as divorce proceedings generally involve significant state concerns from which the federal judiciary should abstain. *See Parejko v. Dunn Cty. Circuit Court*, 209 F. App'x 545, 546 (7th Cir. 2006) (holding that "domestic relations litigation—from marriage to divorce—is an area of significant state concern"). That interest is compounded by the fact that this case involves the enforcement of a divorce decree, which the Supreme Court has recognized as a matter of significant importance to the States. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13 (1987). As this Honorable Court correctly determined in its prior ruling, Fanady's Petition "squarely implicates" the state's interest in enforcing the orders and judgments of its courts. (Ex. 29).

Third, as this Honorable Court previously held, the ongoing state court proceedings provide an adequate opportunity for Fanady to raise his federal claims. (*Id.*) Fanady even admits in his Second Petition that the Appellate Court, in its most

recent ruling in *Harnack V*, "correctly recit[ed] the applicable constitutional standards from *Jackson v Indiana*." (Dkt. 1 ¶ 25).

Finally, there are no special circumstances here to indicate that abstention is inappropriate. Such circumstances arise when (1) a state proceeding is motivated by a desire to harass or is conducted in bad faith; (2) there is an extraordinarily pressing need for immediate equitable relief; or (3) the state proceeding is flagrantly and patently violative of express constitutional prohibitions. See, *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 664 (7th Cir. 2007). No such showing has been made here.

Because Fanady's proposed relief concerns the ongoing enforcement of a divorce decree, habeas review risks interference with the contempt proceedings. Accordingly, this Court should continue to decline jurisdiction over Fanady's petition pursuant to *Younger* and dismiss the petition.

This Court's involvement risks "intrud[ing] upon the independence of the state courts and their ability to resolve the cases before them," *J.D.*, 997 F.3d at 721-22 (quotation omitted), especially given that the state court has yet to rule on Fanady's motion to purge or vacate his contempt. As such, abstention is appropriate here because Fanady's claims are directly related to an underlying state court case and deciding Fanady's grounds for relief would necessarily require this Court to review those judgments, implicating principles of comity. Accordingly, this Court should continue to abstain from exercising jurisdiction over Fanady's petition at this time and dismiss the petition for that reason.

## II. Fanady's Petition Arises Under Section 2254.

Should this Honorable Court decide to proceed on the merits of Fanady's Second Petition, it must first determine whether it arises under 28 U.S.C. § 2254 or 28 U.S.C. § 2241. In his Second Petition for Habeas Corpus, Fanady remains uncertain on this essential distinction. (Dkt. 11.) Although there is no authority conclusively resolving this point, the text of Section 2254, Illinois law regarding contempt orders, and the limited authority available instruct that Fanady's petition arises under Section 2254 because he is currently in custody pursuant to the judgment of a state court – namely, the order finding him in contempt and ordering his incarceration – and is thus governed by the strict restrictions on habeas relief set forth in that Section.

Under Section 2254, a petitioner who is "in custody pursuant to the judgment of a State court" must establish that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254 "implements the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the *judgment* of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction." *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2020). In comparison, Section 2241 is "reserved for attacking the execution, not imposition, of a sentence." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003) (per curiam); *see also Walker*, 216 F.3d at 633 ("[C]hallenges brought by federal prisoners that implicate the fact or duration of confinement but do

not stem from the original conviction or sentence can be brought only under 28 U.S.C. § 2241.")

Based on plain statutory language alone, Section 2254 applies here. As noted above, this section applies only when an individual challenges custody that arises out of a state court judgment. Here, Fanady is in custody pursuant to an order finding him in contempt, and Illinois law expressly defines a finding of contempt as a final, appealable "judgment." Ill. Sup. Ct. R. 304(b)(5). Moreover, his challenges here all arise out of that judgment as they all involve various supposed legal defects affecting the duration and conditions of the confinement ordered by the circuit court. As a result, his petition arises out of, and is controlled by, the requirements under Section 2254.

This result finds support in the case law regarding the applicability of Section 2254 to custody arising out of contempt findings. As the Supreme Court has explained, Section 2254 does not "apply only to those in custody pursuant to a state criminal conviction," but "may be available to challenge the legality of . . . a state court order of civil contempt." *Duncan v. Walker*, 533 U.S. 167, 176-77 (2001). Consistent with this rule, courts have repeatedly held that Section 2254 applied to habeas claims by individuals in custody following a civil contempt finding because they were in custody pursuant to the judgment of a State court. *See Puchner v. Severson*, Case No. 22-C-891, 2022 U.S. Dist. LEXIS 177005, at *2-3, 2022 WL 4586097 (E.D. Wis. Sept. 29, 2022); *Puchner v. Waukesha Cty. Jail*, Case No. 23-cv-

0505-bhl, 2023 U.S. Dist. LEXIS 76905, at *1, 2023 WL 3231773 (E.D. Wis. May 3, 2023).

This result also finds support in the general policy considerations underlying Section 2254 itself. As the Supreme Court has explained, the heightened procedural protections of Section 2254 were "designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism." *Martinez v. Ryan*, 566 U.S. 1, 9 (2012). Those concerns are directly implicated when, as here, a petitioner challenges a custody that directly resulted from a decision of a State court that is afforded the full status of an appealable judgment by that State's law. Comity, federalism, and respect for state court judgments are no less important merely because that judgment resulted from a contempt proceeding rather than a criminal proceeding. Indeed, the invasion of State interests that would result from federal review absent those protections would be particularly severe because that review would necessarily be premised on a federal court's refusal to respect a State's own decision regarding what judicial decisions it will afford the status of a final, appealable judgment. Further compounding that improper invasion of State interests is the fact that the contempt finding here was issued to enforce a divorce decree entered pursuant to State law, so federal interference with that finding necessarily intrudes on the State's authority over the domestic relations between husband and wife, the "whole subject" of which "belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 594 (1890).

In sum, Fanady's Second Petition is properly considered to arise under Section 2254 and is thus subject to the strict requirements of that section. But even assuming, *arguendo*, that Fanady's Second Petition arises under Section 2241, it appears that the distinction would be largely academic based on the facts of this specific case. While Section 2241 lacks a textual exhaustion requirement like that set forth in Section 2254(b), the Seventh Circuit has long recognized that a district court may, as a matter of comity, require a Section 2241 applicant to exhaust all avenues of state relief before seeking the writ. *United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991) (citing *Baldwin v. Lewis*, 442 F.2d 29, 31-33 (7th Cir. 1971)). Given the strong comity concerns noted above, this Court should exercise its authority under *Castor* and hold Fanady to this exhaustion requirements and, by extension, to procedural default principals, even if it concludes that his petition arises under Section 2241.

Fanady does not dispute any of this; indeed, he does not take a discernible position on this subject, but he instead vacillates between whether Section 2241 or Section 2254 applies to this case, (Dkt. 1 ¶ 27-29), before ultimately requesting to proceed under Section 2254 or Section 2241, in the alternative. (*Id.*) Given that Fanady does not seriously dispute that Section 2254 applies here, this Court should resolve any doubts it might have about the applicability of that section by simply deeming Fanady to have forfeited any objection to the application of Section 2254 to his petition.

## III. Fanady Procedurally Defaulted His Claims By Failing to Raise Them In State Court.

Before a federal court proceeds with a habeas petition, the petitioner must first exhaust state court remedies. *See* 28 U.S.C. § 2254(b)(1); *Dressler v. McCaughtry*, 238 F.3d 908, 912 (7th Cir. 2001) (If a petitioner "either fail[s] to exhaust all available state remedies or raise all claims before the state courts, his petition must be denied without considering its merits."). The exhaustion requirement is satisfied in this context when the petitioner raises the claim "through one complete round of state-court review." *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004). Relatedly, a federal district court cannot address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) (citation omitted). "A petitioner must raise his constitutional claims in state court 'to alert fairly the state court to the federal nature of the claim and to permit that court to adjudicate squarely that federal issue.'" *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013) (quoting *Villanueva v. Anglin*, 719 F.3d 769, 775 (7th Cir. 2013)).

This Court's analysis should thus first focus on whether the petitioner has offered the operative facts and controlling legal principles of his claim to the state courts. *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006); *see also Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992) (fair presentment requires that factual and legal substance of claim remain the same in state court and then on federal habeas review). The Court must also inquire "whether the petitioner has framed his claim in the state proceedings in a way that brings to mind a specific constitutional right, and whether he has alleged a set of facts well within the mainstream of

constitutional litigation." *See Lieberman v. Thomas,* 505 F.3d 665, 670 (7th Cir. 2007) (to avoid procedural default, a petitioner must ". . . alert[ ] the state court to the federal nature of his claim in a manner sufficient to allow that court to address the issue on a federal basis.") (internal citation omitted).

Under these standards, Fanady failed to exhaust his constitutional claims because he has never fairly presented them through one full round of appellate review in the Illinois courts. To begin, he did not clearly raise these *constitutional* claims to the appellate court in *Harnack V*. While Fanady argued that his due process rights were violated, he claimed that this violation stemmed from procedural issues with the Sheriff holding him in custody on expired or defective orders, and not, in contrast, for any reasons based on federal constitutional law. In fact, in his appellate brief, Fanady never mentioned the Fifth or Fourteenth Amendments, much less made detailed legal arguments on the claimed violations thereof. This does not suffice. "For a claim to be exhausted, the state court system must have been apprised of the facts and *the legal theory* upon which the petitioner bases his assertion." *Galtieri v. Wainwright*, 582 F.2d 348, 353 (5th Cir. 1978) (en banc). It is telling that the Illinois Appellate Court was able to clearly and systematically strike down each of Fanady's contentions while only using the phrase "due process" once in its entire fifty (50) page ruling, and only did so when considering a case with "an argument similar" to Fanady's. (Ex. 14 ¶ 130). One cannot expect the Illinois Appellate Court to *sua sponte* address issues of constitutional law when Fanady did not do so himself.

Compounding this problem, Fanady did not raise his habeas claims or any other arguments in a timely petition for leave to appeal in the Illinois Supreme Court. While the Illinois Appellate Court entered its ruling in *Harnack V* on June 24, 2025, Fanady waited until August 19, 2025, to file his Petition for Leave to Appeal from the Appellate Court, (Ex. 23), well after the 35-day deadline to file a petition for leave to appeal had expired. As a result, his petition was unsurprisingly, and without detailed explanation, denied. In sum, Fanady failed to properly exhaust his constitutional claims, and the time to do so has expired.

In terms of exceptions, "[w]here a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can demonstrate either 'cause' and 'actual prejudice' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998). Here, no external impediment apparent on the record impeded Fanady's ability to raise his habeas claims on appeal and then in a petition for leave to appeal, the latter being a "normal, simple, and established" part of Illinois's review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Nor does Fanady refer to new evidence in his petition that might establish a fundamental miscarriage of justice. Thus, the procedural default should be enforced.

## IV. Fanady's Petition Fails on the Merits.

Finally, Fanady's petition also fails on the merits. To obtain habeas relief under Section 2254, Fanady must establish that the state court decision addressing his claims was contrary to, or involved an unreasonable application of, *federal law* as

determined by the Supreme Court, or was based on an unreasonable determination of the facts considering the evidence before it. 28 U.S.C. § 2254(d)(1) & (2) (emphasis added). The last state court to rule on the merits of Fanady's petition, the Illinois Appellate Court in *Harnack V*, produced the relevant decision for purposes of this analysis. *See Charlton v. Davis*, 439 F.3d 369, 374 (7th Cir. 2006) (the relevant decision is the last state court to rule on the merits of petitioner's claims).

Even most generously construing his current habeas petition, to raise the same due process argument raised in *Harnack V*, Fanady does not explain how the appellate court's decision in that case unreasonably applied federal law as determined Supreme Court precedent or rested on an unreasonable determination of the facts. Instead, and without attempting to satisfy the criteria of Section 2254(d), he simply repeats his arguments that he was denied his constitutional right to due process because Sheriff Dart is holding him without lawful authority to do so based on an expired contempt order without a proper hearing. (Dkt. 1). Nor could he offer such an explanation, because *Harnack V* rested its judgment entirely on *state law grounds*. (Ex. 14 ¶114) (identifying list of issues on appeal; none constitutional).[5] This

[5] Compounding Fanady's many problems, one of the issues *Harnack V* considered – whether holding him in contempt remains coercive in nature – was wholly factual. [cite] ¶132 (noting that "the trial court heard the evidence, including Fanady's testimony, and was able to judge his demeanor and credibility. Based on those observations, the trial court concluded that Fanady's claims of impossibility were not credible"). That is significant because this Court is "bound" by a state court's factual findings "unless there is clear and convincing evidence to the contrary." Jones v. Basinger, 635 F.3d 1030, 1042 (7th Cir. 2011) (citing 28 U.S.C.§ 2254(e)(1)). Nothing in Fanady's petition even comes close to satisfying that incredibly demanding standard.

is fatal to any request for habeas relief here, given that it is well settled that "federal habeas courts cannot review claims that the state court has disposed of on state law grounds." *United States ex rel. Johnson v. Chandler*, No. 02 C 863, 2004 U.S. Dist. LEXIS 18973, at *11 (N.D. Ill. Sep. 16, 2004) (collecting authority). This rule reflects that, "[w]hen a federal habeas court releases a prisoner held pursuant to a state court judgment that rests on an independent and adequate state ground, it renders ineffective the state rule just as completely as if this Court had reversed the state judgment on direct review. In such a case, the habeas court ignores the State's legitimate reasons for holding the prisoner." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (cleaned up). Accordingly, Fanady's petition fails for this additional reason.

## V. This Court Should Deny a Certificate of Appealability.

After denying Fanady's habeas petition, this Court should deny him a certificate of appealability. "Habeas corpus Rule 11(a) requires district court judges to decide whether to grant a [certificate of appealability] in the first stance." *Gonzalez v. Thaler*, 132 S. Ct. 641, 649 n.5 (2012). To obtain a certificate of appealability, petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Fanady cannot make this showing here because it is not debatable that his claims in the petition should be dismissed or denied, for all the reasons set forth above.

## CONCLUSION

This Court should dismiss or deny Fanady's amended petition for writ of habeas corpus and deny a certificate of appealability.

Respectfully submitted,

EILEEN O'NEILL BURKE
State's Attorney of Cook County

By: <u>*/s/: James O'Connor*</u>
James O'Connor
Assistant State's Attorneys
500 Richard J. Daley Center
Chicago, Illinois 60602
James.oconnor@cookcountysao.org

## CERTIFICATE OF SERVICE

I, James O'Connor, hereby certify that in accordance with Fed. R. Civ. P. 5, LR 5.5 and the General Order on Electronic Case Filing (ECF), RESPONSE TO SECOND PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY was served pursuant to the District Court's ECF system on July 24, 2026.

<u>*/s/: James O'Connor*</u>
James O'Connor